UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>NICHOLAS CARLOW,<br><br>　　　　　　Defendant. | CR. 20-50078-JLV<br><br>ORDER |

　　Defendant Nicholas Carlow filed a *pro se* motion asking the court to amend the judgment entered on May 18, 2023, for the revocation hearing held on May 17, 2023. (Docket 107). The judgment committed Mr. Carlow to the custody of the Bureau of Prisons ("BOP") for a term of four months. (Docket 102 at p. 2). The motion asks the court to credit Mr. Carlow with 68 days of incarceration spent prior to the May 17, 2023, hearing. Id.

　　"The [BOP] is responsible for computing the sentence credit after [a] defendant has begun serving his sentence." United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) (referencing United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992)). Defendants "are entitled to administrative review of the computation of their credits, . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." Tindall, 455 F.3d at 888 (referencing 28 C.F.R. §§ 542.10-542.16; Wilson, 503 U.S. at 335; United States v. Pardue, 363 F.3d 695, 699

(8th Cir. 2004)). "These are the proper avenues through which [a defendant] may resolve any dispute about the length of his time in . . . custody." Tindall, 455 F.3d at 888. Before the federal court may decide defendant's claim, he must first "properly exhaust[] his administrative remedies." United States v. Callahan, 800 F.3d 422, 426 (8th Cir. 2015) (referencing Tindall, 455 F.3d at 888; 28 C.F.R. §§ 542.10-542.16).

Mr. Carlow presents no verification he exhausted his administrative remedies within the BOP. His motion, therefore, is not ripe for judicial review. Accordingly, it is

ORDERED that defendant's motion to amend or correct his sentence (Docket 107) is denied without prejudice.

Dated September 8, 2023.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE